STANLEY I. BLAKE, M.D., P.C., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blake v. Commissioner
Docket No. 12826-78.
United States Tax Court
T.C. Memo 1981-41; 1981 Tax Ct. Memo LEXIS 701; 41 T.C.M. (CCH) 802; T.C.M. (RIA) 81041; February 2, 1981. Stanley I. Blake, pro se. Martha J. Combellick, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency of $ 720 and an addition to tax for late filing under section 6651(a), Internal Revenue Code of 1954, [1] of $ 144 in petitioner's Federal income tax for its taxable year ended June 30, 1976. The issues are: (1) whether petitioner (a professional corporation) is entitled to deduct rentals paid for the use of a trailer home to entertain guests; and (2) whether the late filing penalty was properly imposed. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. The petitioner was a professional corporation doing business in Mesa, Arizona, at the time *703 its petition herein was filed. Petitioner filed a U.S. Corporation income tax return for its fiscal year ending June 30, 1976, on December 27, 1976. During its fiscal year ended June 30, 1976, petitioner paid to Stanley I. Blake, M.D. (Dr. Blake) $ 3,600 in rentals for the use of a trailer home owned by Dr. Blake in a resort area of Arizona. Dr. Blake was petitioner's president and medical officer. Dr. Blake claimed that the trailer was used to entertain physicians who referred cases to him and hospital personnel (such as nurses and technicians) who worked with him. To substantiate the deduction, Dr. Blake submitted what he claimed was a summary of a "log" he kept in his office. On the summary were listed dates and names of various people. The only portion of the summary pertinent to the fiscal year before us was as follows: 7/17/75 Mr. & Mrs. Longs' guests On its Federal income tax return for the fiscal year ended June 30, 1976, petitioner deducted the rentals it paid for the trailer. Respondent disallowed the deduction in full. OPINION Issue 1. Deductibility of Rent for Trailer
Section 274 as in effect for the taxable year before us provided: SEC. 274. *704 DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) ENTERTAINMENT, AMUSEMENT, OR RECREATION.-- (1) IN GENERAL.--No deduction otherwise allowable under this chapter shall be allowed for any item-- (A) ACTIVITY.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or (B) FACILITY.--With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial *705 and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's taxpayer's trade or business. (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any time with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence *706 shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. Petitioner must fail on this issue because it has not met the substantiation requirements of section 274(d). The actual "log" was not produced which fact raises some doubt concerning its existence. Furthermore, even if we assume that the summary was actually taken from and accurately reflected the contents of the log, there was only one entry for the fiscal year before us and it fails to make any mention of either the business purpose of the entertainment of the Longs or of their business relationship to the petitioner. Petitioner has not met its burden of proving respondent's determination to be in error. Welch v. Helvering, 290 U.S. 111 (1933). We, therefore, hold that petitioner is not entitled to deduct the $ 3,600 rental paid to Dr. Blake during its fiscal year ending June 30, 1976, for the use of the trailer. Issue 2. Late Filing Penalty
Sections 6072 and 6651 provide: SEC 6072. TIME FOR FILING INCOME TAX RETURNS. (b) RETURNS OF CORPORATIONS.--Returns of corporations under section 6012 made on the basis of the calendar year *707 shall be filed on or before the 15th day of March following the close of the calendar year, and such returns made on the basis of a fiscal year shall be filed on or before the 15th day of the third month following the close of the fiscal year. * * * SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * *, on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; As petitioner has shown no reasonable cause for failing to file its fiscal year 1976 return by its filing deadline of September 15, 1976, we must sustain respondent's imposition of the failure to file penalty. To reflect the foregoing, Decision *708 will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩